IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALVIN O. CHIMNEY, § § Plaintiff, § § v. § § TYLER POLICE DEPARTMENT, et al., § § § § Defendants. § | Case No. 6:25-cv-53-JDK-KNM |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alvin O. Chimney, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for disposition.

When Plaintiff originally filed this lawsuit, he named Tyler Police Department as a defendant. After Tyler Police Department filed a motion to dismiss, Plaintiff amended his complaint and replaced Tyler Police Department with the City of Tyler in addition to the two individual Defendants: Officer Patterson and Officer Dahl. Docket Nos. 19; 24. City of Tyler then filed a motion to dismiss. Docket No. 26. Plaintiff did not file a response.

On June 27, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant City of Tyler's motion to dismiss. Docket No. 28. Plaintiff objected. Docket No. 36.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff submits news articles and an annual review presented to the Smith County Commissioners Court to demonstrate two points: (1) local police have a history of racial profiling and (2) black and Latino individuals are pulled over more often than white individuals. Docket No. 36 at 1–2. Plaintiff references City of Tyler policies that state racial profiling is not condoned and that complaints of racial profiling will be forwarded to the Chief of Police for review. *Id.* at 3. But Plaintiff argues that the Tyler Police Department violated its own policies under 42 U.S.C. § 1983. *Id.* Plaintiff contends that "inaction in regard to [the] issue of racial profiling within the Tyler Police was the 'moving force' behind the unconstitutional traffic stops that [he] encountered." *Id.* at 4.

To sufficiently plead a civil rights claim against a municipality, Plaintiff is required to show that an official policy caused a violation of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The municipal policies that Plaintiff identified in his objections explicitly condemn racial profiling and provide an avenue for supervisory review of racial profiling complaints. Docket

No. 36 at 3. Plaintiff therefore has not alleged facts showing an official policy that violated his constitutional rights. Further, Plaintiff provides only conclusory statements concerning a lack of training and supervision pertaining to racial profiling. Conclusory allegations are not sufficient to overcome dismissal pursuant to Rule 12(b)(6); Plaintiff must plead specific facts. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see generally Flanagan v. City of Dall.*, 48 F. Supp. 3d 941, 947 (N.D. Tex. Sept. 23, 2014) (citing *Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012)). It is also not enough for Plaintiff to simply allege that the City has a history of racial profiling. *Flanagan*, 48 F. Supp. 3d at 953.

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Plaintiff's objections, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 28) as the opinion of the Court. The motion to dismiss (Docket No. 26) is **GRANTED** and Plaintiff's claims against City of Tyler are **DISMISSED** with prejudice.

**So ordered and signed on this**

Aug 6, 2025

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE