**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

ALVIN O. CHIMNEY, JR., §
§
    Plaintiff, §
§
v. §  Case No. 6:25-cv-53-JDK-KNM
§
TYLER POLICE DEPARTMENT, et al., §
§
    Defendants. §
§

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alvin O. Chimney, Jr. initiated this lawsuit seeking relief related to a traffic stop pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. Judge Mitchell issued a Report recommending that Defendants' motion for summary judgment (Docket No. 49) be granted and that the complaint be dismissed with prejudice. Docket No. 53.

The Report recommends that Officers Dahl and Patterson are entitled to qualified immunity on Plaintiff's § 1983 claims of an unlawful traffic stop, search, and use of force. In the context of a motion for summary judgment, the burden is on Plaintiff to present a genuine and material dispute as to whether Officer Dahl and Officer Patterson are entitled to qualified immunity. *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015). Officers are entitled to qualified immunity from a § 1983 suit unless their conduct violates clearly established law, which generally requires the identification of "a case where an officer acting under similar circumstances . . . was

1

held to have violated" the Constitution. *Zorn v. Linton*, 607 US __, 146 S.Ct. 926, 930 (2026) (quoting *Escondido v. Emmons*, 586 U.S. 38, 43 (2019) (per curiam)). Here, Plaintiff did not file a response to the motion for summary judgment. Plaintiff filed written objections to the Report. Docket No. 63.

## I.

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made."). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

In his written objections, Plaintiff asserts that he did not consent to a search and that he was injured when officers held his hands behind his back. The motion for summary judgment and the Report rely heavily on the dash camera video and two body camera videos showing the entire traffic stop and search. "[I]t is well established that video recordings are given a presumption of reliability and significant evidentiary weight because '[a]n electronic recording will many times produce a more reliable rendition . . . than will the unaided memory of a police agent.'" *Crandel v. Hall*, 75 F.4th 537, 549 (5th Cir. 2023) (quoting *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)). These recordings conclusively establish that Officer Dahl stopped Plaintiff's vehicle after observing him driving on a public street without valid registration in violation of Texas law. Docket No. 49, Ex. 1. Plaintiff agreed to exit his vehicle during the traffic stop. *Id.* Ex. 2. Plaintiff consented to a search of his pockets. *Id.* Exs. 2, 3.

No use of force occurred. *Id.* Instead, Plaintiff placed his own arms behind his back and the officers each placed a hand on his arms during the search of his pockets. *Id.* Plaintiff has not shown the violation of a clearly established constitutional right and Defendants are thus entitled to qualified immunity. Plaintiff's objections on this point are therefore overruled.

Plaintiff additionally complains that the Report does not address his claim of racial profiling and asserts that a 2024 sheriff's office report shows disproportionate searches of black drivers. Docket No. 63 at 6. Plaintiff's claim concerning an allegation of racial profiling was previously dismissed on August 6, 2025. Docket No. 39. This objection is overruled.

Finally, Plaintiff asserts, for the first time in his written objections, that the video footage is incomplete. As stated, Plaintiff did not file a response to the motion for summary judgment. Plaintiff has not previously raised any issues concerning the completeness of the video evidence. He has waived his objection to the evidence. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

## II.

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 53) is **ADOPTED**. Plaintiff's objections (Docket No. 63) are **OVERRULED**. It is **ORDERED** that Defendants' motion for

summary judgment (Docket No. 49) is **GRANTED** and the complaint is **DISMISSED**

**with prejudice**.

So **ORDERED** and **SIGNED** this **4th**   day of  **June, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE